FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

SEP 22 2011

LONG ISLAND OFFICE

JJD:CAO

11-0955M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT
(T. 21, U.S.C., § 846)

UNITED STATES OF AMERICA

- against -

JEFFREY GIBSON and
PHILISHA FENNER

        Defendants.

- - - - - - - - - - - - - - - -X

EASTERN DISTRICT OF NEW YORK, SS:

        FRANK CABRA, being duly sworn, deposes and states that he is a Task Force Officer with the Drug Enforcement Agency ("DEA"), duly appointed according to law and acting as such.

        Upon information and belief, on or about September 21 2011, within the Eastern District of New York, the defendants JEFFREY GIBSON and PHILISHA FENNER, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

        (Title 21, United States Code, Section 846)

        The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this affidavit is to state only probable cause to arrest, I have not described all the relevant

1

1. I have been a Task Force Officer of the DEA for approximately three years. During my tenure with the DEA, I have participated in several narcotics investigations, during the course of which I have conducted physical and wire surveillance, executed search warrants, and reviewed numerous recorded conversations and records of drug traffickers. Through my training, education and experience - which has included debriefing numerous cooperating drug traffickers, conducting numerous searches of locations where drugs and money have been found, and conducting surveillance on numerous occasions of individuals engaged in drug trafficking - I have become familiar with the manner in which illegal drugs are imported and distributed, the method of payment for such drugs, and the efforts of persons involved in such activity to avoid detection by law enforcement.

2. The facts set forth in this Complaint and Affidavit are based on my personal knowledge and observations, my discussion with members of the DEA and other law enforcement officers, my review of reports written by other law enforcement officers, my discussions with other individuals, my review of documents related to this investigation, including telephone records, and my training and experience.

3. On or about March 23, 2011, a cooperating witness ("CW1") whose statements have been verified and has proven to be

---

facts and circumstances of which I am aware.

truthful in the past, was debriefed by members of my task force. In that proffer, among other things, CW1 described the activities of a known cocaine dealer: JEFFREY GIBSON. According to CW1, GIBSON sold multiple kilograms of cocaine every month and operated primarily in Suffolk County.

4. On or about March 30, 2011, a cooperating witness ("CW2") whose statements have been verified and has proven to be truthful in the past, was debriefed by members of my task force. In that proffer, among other things, CW2 described how he and his co-conspirators would sell multiple kilograms of cocaine to defendant JEFFREY GIBSON each month. CW2 described defendant GIBSON as a large-scale Suffolk County drug dealer who also used other sources to supply him with bulk cocaine.

5. Based upon the statements of CW1 and CW2, as well as other confidential sources, my task force began a surveillance operation on JEFFREY GIBSON in September 2011.

6. On or about September 21, 2011, at approximately 9:30 in the evening members of my DEA task force observed defendant JEFFREY GIBSON and a woman, later identified as defendant PHILISHA FENNER, drive a Nissan Altima with Pennsylvania plates into a parking structure at 651 River Avenue, Bronx, New York. Task Force Officers witnessed GIBSON and PHILISHA FENNER park the Nissan and wait. After approximately 10 minutes, a dark-colored SUV parked next to defendants GIBSON and PHILISHA FENNER. Task Force Officers witnessed GIBSON exit the

Nissan and enter the SUV. After a few minutes, GIBSON exited the SUV and re-entered the passenger seat of the Nissan while now carrying a black plastic shopping bag. Task Force Officers continued their surveillance as defendants GIBSON and FENNER exited the parking structure.

7. On September 21, 2011, at approximately 11:10 in the evening, law enforcement officers with the Suffolk County Police Department ("SCPD") observed the defendant PHILISHA FENNER driving a car on Pine Aire Drive in North Bayshore, Suffolk County. Defendant JEFFREY GIBSON was seated in the passenger seat. Defendant FENNER was subsequently stopped because she was driving over 80 miles per hour, well over the posted 55 miles per hour speed limit. As a SCPD officer approached the car, she observed, in plain view, PHILISHA FENNER attempting to take a package off of her person. When the SCPD officer arrived at the door, she saw a square black plastic bag. The white powdery substance in the package field tested positive for the presence of one kilogram of cocaine. The defendants were placed under arrest.

8. The defendant PHILISHA FENNER gave consent for the DEA to search the home shared by her and defendant JEFFREY GIBSON: 1628 Baldwin Boulevard, North Bayshore. In the ensuing search, members of my Task Force recovered identification in both defendants' names, a 38 caliber handgun, extra ammunition for the handgun, digital scales, drug packaging and the rental agreement

for the property, which was signed by both GIBSON and FENNER.

WHEREFORE, it is respectfully requested that defendants JEFFREY GIBSON and PHILISHA FENNER be dealt with according to law.

                                        FRANK CABRA
                                        Task Force Officer, DEA

Sworn to before me this
22 day of September 2011

_____
WILLIAM D. WALL
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5